Ruffin, J.
The practice in such cases as that stated in this cause, has been different in the different parts of the State ; and I think that it is well it has been brought here, so that it may be settled. It is true, that the Defendant cannot plead to a scire facias, any thing that he plead or might have pleaded to the original action. This is the chief argument relied on by those who wish the special fieri facias to go on motion, but does not satisfy me, because it does not meet the whole question. There may be matters arising after judgment, which could form a good defence, and the Defendant ought to have an op-potunity of showing them. Where such are alleged and disputed, ought the Court to decide upon them and thereby *123 pass upon a disputed fact ? I should think not. And though there might be cases, where the Court would do no injustice by issuing the special fieri facias, in the first instance, yet there are others where much inconvenience might follow to the Defendant. I am led to this conclusion the more readily, by considering that the Plaintiff, on the other hand, suffers very little hardship; only that of the delay of two Terms; and has it also in his power to obtain remuneration for that delay, by the way of interest, by bringing debt for a devastavit, instead of the scire facias. In order, therefore, that the parties may be fully heard on both sides, and that the practice may be uniform, I am of opinion, that the special feri facias ought to be refused on this motion, and the Plaintiff have leave to issu§ his scire facias.